**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAFAEL KASSIN,<br><br>Plaintiffs,<br><br>-against-<br><br><br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendants. | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff RAFAEL KASSIN (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant GC SERVICES LIMITED PARTNERSHIP (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New Jersey.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a debt collector with its principal office located at 6330 Gulfton Street, Suite #440, Houston, Texas 77081..

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

12. After receiving several telephone calls from the Defendant, including one to Plaintiff's place of employment, the Plaintiff called the Defendant on May 31, 2016.

13. During this May 31, 2016 telephone conversation, the Plaintiff advised the Defendant that it would be inconvenient for him to be called from 8:00 a.m. to 5:00 p.m., and that any other time would be satisfactory.

14. The Defendant confirmed that they would notate same in his account, and he would not get any further calls during that time.

15. Defendant, therefore, knew or should have known that calling the Plaintiff during those times would be inconvenient to the Plaintiff.

16. Despite that, on July 11, 2016 the Defendant again called the Plaintiff around 9:08am from the telephone number 848-206-0190.

17. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692(c) *et seq.*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

19. Pursuant to 15 USC §1692c, specifically 15 USC §1692c(a)(1), a debt collector is prohibited from communicating with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

20. The Defendant violated 1692c(a)(1) by calling the Plaintiff at a time known or which should be known to be inconvenient to the consumer.

21. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

22. A declaration that the Defendant's practices violated the FDCPA;

23. For actual and statutory damages provided and pursuant to:

- 15 U.S.C. § 1692k(a)(1);
- 15 U.S.C. § 1692(2)(A);

24. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

25. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: August 17, 2016               *s/ Ari H. Marcus ,Esq.*
                                     Ari Marcus, Esq.
                                     MARCUS & ZELMAN, LLC
                                     1500 Allaire Avenue, Suite 101
                                     Ocean, New Jersey 07712
                                     Telephone: (732) 695-3282
                                     Facsimile: (732) 298-6256
                                     Ari@MarcusZelman.com
                                     *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: August 17, 2016               *s/ Ari H. Marcus ,Esq.*
                                     Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 17, 2016                     *s/ Ari H. Marcus ,Esq.*
                                           Ari Marcus, Esq.